UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MAJI KEMP and DENIENE KING,**

       **Plaintiffs,**                  **CIVIL ACTION NO. 13-11334**

    vs.

                                    **DISTRICT JUDGE GERALD E. ROSEN**

**THI OF MICHIGAN AT DETROIT,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**LLC d/b/a HOSPICE COMPASSUS,**
**and CLP HEALTHCARE SERVICES,**
**INC. d/b/a HOSPICE COMPASSUS,**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:** This Court recommends that Defendants' motion to dismiss Plaintiff King's claims (docket no. 17) be **GRANTED**. In light of the above recommendation, Plaintiff's motion to compel discovery (docket no. 27) should be denied without prejudice to the motion being reconsidered should the above recommendation not be adopted.

**II.    REPORT**:

       This matter comes before the Court on the motion to dismiss Plaintiff King's claims filed by Defendants THI of Michigan at Detroit, LLC d/b/a Hospice Compassus ("THI") and CLP Healthcare Services, Inc. d/b/a Hospice Compassus ("CLP"). (Docket nos. 16, 17). Plaintiff King filed a response. (Docket no. 19). Defendants filed a reply. (Docket no. 26). The motion was referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 22). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

**A.     Facts**

Plaintiffs Maji Kemp and Deniene King brought this employment discrimination action against Defendants THI and CLP alleging race and sex discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and the Elliott Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 et seq., violation of the Michigan Bullard-Plawecki Employee Right to Know Act, and civil conspiracy under 42 U.S.C. § 1985.  Plaintiffs later filed a first amended complaint adding claims of race discrimination and retaliation under 42 U.S.C. § 1981. (Docket no. 34).  Defendants filed answers to the complaint and amended complaint, and filed the instant motion to dismiss Plaintiff King's claims pursuant to Federal Rule of Civil Procedure 12(c). (Docket nos. 11, 17, 38).  Plaintiff Maji Kemp has settled her claims against Defendants.

In their motion, Defendants argue that Plaintiff King should be judicially estopped from pursuing this lawsuit because she failed to disclose her interest in the lawsuit in her bankruptcy proceeding.  The parties contend that Plaintiff King was terminated from her employment on June 21, 2012.  On August 15, 2012, Plaintiff King filed an EEOC charge of discrimination alleging that Defendants terminated her employment on account of race in violation of Title VII of the Civil Rights Act of 1964.  (Docket no. 16, ex. 6).  On January 7, 2013, while her EEOC charge was pending, Plaintiff King filed a Chapter 7 bankruptcy petition with the United States Bankruptcy Court of the Eastern District of Michigan.  It is undisputed that Plaintiff King failed to disclose her pending EEOC charge and potential claims in Schedule B and the Statement of Financial Affair

2

section of her bankruptcy petition, which she signed under penalty of perjury.[1] (Docket no. 16, ex. 1, 8).

On January 23, 2013 Plaintiff King filed a second EEOC charge against Defendants, again alleging that they terminated her employment on account of race in violation of Title VII. (Docket no. 16, ex. 6). The EEOC issued right-to-sue notices on February 5 and 7, 2013. (Docket no. 16, ex. 7). Plaintiff then filed a corrected Statement of Financial Affairs with the bankruptcy court on February 11, 2013, but still failed to disclose her EEOC charges and potential claims. (Docket no. 16, ex. 9). On March 21, 2013 the bankruptcy trustee issued a report of no distribution, declaring that the estate had been fully administered and asking to be discharged from his duties as trustee. (Docket no. 16, ex. 1). Just five days later, on March 26, 2013, Plaintiffs filed the instant lawsuit. The deadline for Plaintiff King's creditors to object to discharge expired on April 15, 2013. (Docket no. 16, ex. 1).

Defendants argue that they first raised the issue of judicial estoppel with Plaintiff King and with the district court in late May 2013. (Docket no. 16, ex. 2). On June 20, 2013 Plaintiff King filed an amendment to Schedule C of her bankruptcy petition, in which she disclosed her lawsuit against Defendants, claimed that it was exempt property, and stated that the value of the lawsuit was unknown. (Docket no. 16, ex. 4). That same day, the bankruptcy court granted a Chapter 7 discharge to Plaintiff King. (Docket no. 16, ex. 5). Her bankruptcy case was closed on June 24,

---

[1] Schedule B requires the debtor to list contingent and unliquidated claims of every nature, and give the estimated value of each claim. The Statement of Financial Affairs asks the debtor to list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of the bankruptcy case.

2013. (Docket no. 16, ex. 1). On June 25, 2013, Plaintiffs served initial disclosures in this case estimating her damages against Defendants in excess of $300,000. (Docket no. 26, ex. 3).

**B.     Standard**

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) states that a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. "Motions seeking judgment on the pleadings, brought pursuant to Federal Rule of Civil Procedure 12(c), are reviewed under the same standard applied to motions to dismiss brought pursuant to Rule 12(b)(6)." *Estate of Malloy v. PNC Bank,* No. 11–12922, 2012 WL 1094344, at *4 (E.D. Mich. Apr.2, 2012) (citation omitted). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (citation omitted).

When a Rule 12(c) motion presents matters outside the pleadings, the court must convert the motion to a motion for summary judgment under Rule 56 unless the district court excludes such matters. *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.,* 452 F.3d 494, 503 (6th Cir. 2006). However "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account" without the necessity of converting the motion into one for summary judgment. *Barany–Snyder v. Weiner,* 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001)).

A motion for summary judgment may be granted if the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

In relation to Defendants' motion, the parties, and in particular Plaintiff King, presented materials to the Court which are outside the pleadings. Specifically, Plaintiff King provided the Court with her written declaration and with letter correspondence from Plaintiff's counsel to the bankruptcy trustee. (Docket no. 19, ex. A, B). The Court has not excluded these matters, and in fact has considered these documents in resolving Defendants' motion. Therefore, the Court must treat Defendants' motion as a motion for summary judgment under Rule 56.

Defendants move for an order dismissing Plaintiff King's claims with prejudice on the basis of judicial estoppel. The doctrine of judicial estoppel prevents a party from asserting a position contrary to one that the party asserted under oath in a prior judicial proceeding if the prior court adopted the contrary position in a preliminary or final disposition. *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (citation omitted). The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from abusing the process through gamesmanship. *Id.* at 776. The doctrine is not applicable where the prior inconsistent position amounted to no more than mistake or inadvertence. *Id*.

5

The Bankruptcy Code requires debtors to disclose on their bankruptcy petitions any claims, including any potential causes of action, they may have against others. *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 424 (6th Cir. 2005) (citations omitted). When a plaintiff files for bankruptcy and fails to disclose a cause of action or potential claim during the bankruptcy proceeding, he or she will generally be judicially estopped from asserting the claim in a subsequent proceeding. *Id*. at 424-25.

When determining if the plaintiff's failure to disclose was inadvertent, the court should consider whether the plaintiff had knowledge of the factual basis of the undisclosed claims, whether she had motive for concealment, and whether the evidence shows an absence of bad faith. *Id*. at 425-26; *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir. 2010). When determining if the plaintiff acted in bad faith, the court should consider the plaintiff's attempts to advise the bankruptcy court of the omission. *White*, 617 F.3d at 478. Since the timing of the plaintiff's efforts are relevant, "[e]fforts to correct an omission that came before the Defendants filed their motion to dismiss are more important than efforts that came after the Defendants filed their motion to dismiss." *Id.* at 480.

*1.     Contrary Position and Adoption of that Position by the Bankruptcy Court*

In order to prevail on their motion, Defendants must first show that Plaintiff King asserted a position in this case that is contrary to a position she asserted under oath in her bankruptcy proceeding, and demonstrate that the bankruptcy court adopted the contrary position in a preliminary or final disposition. Defendants have come forward with a copy of Plaintiff King's bankruptcy petition. (Docket no. 16, ex. 8). The petition, signed on December 18, 2012 under penalty of perjury, and filed with the bankruptcy court on January 7, 2013, shows that Plaintiff failed to

disclose the existence of and estimated value of her contingent and unliquidated claims against Defendants in Schedule B and likewise failed to list her claims as a suit or administrative proceeding on the Statement of Financial Affairs. The bankruptcy petition was signed and filed after Plaintiff King was terminated from her employment, and after she had filed the first of two charges of discrimination with the EEOC alleging that she was terminated in violation of federal law. Defendants have also provided evidence showing that Plaintiff King filed a corrected Statement of Financial Affairs with the bankruptcy court on February 11, 2013 which also failed to disclose her claims against Defendants. The corrected Statement of Financial Affairs was filed after Plaintiff King filed a second EEOC charge of discrimination and after she had presumptively received at least one of two right-to-sue notices.[2] (Docket no. 16, ex. 6, 7, 9).

The record shows that Plaintiff filed the instant lawsuit on March 26, 2013, just five days after the bankruptcy trustee issued a report of no distribution and notified the court that estate assets had been fully administered. Plaintiff filed an amended Schedule C on June 20, 2013, identifying for the first time her interest in the lawsuit, but claiming that the value of the lawsuit was unknown and in any event, was exempt property. Plaintiff failed to identify any basis for her claimed exemption in her amended Schedule C. She was discharged from her bankruptcy case on the same day she filed her amended Schedule C. One day after her bankruptcy case was closed she served

---

[2]The right-to-sue notices are dated February 5, 2013 and February 7, 2013. Plaintiff filed her corrected Statement of Financial Affairs with the bankruptcy court on February 11, 2013. The Sixth Circuit has adopted a rebuttable presumption that a plaintiff receives a right-to-sue notice on the fifth day following the EEOC's mailing of the notification. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). Under this presumption, Plaintiff had received only one of the two right-to-sue notices when she filed her corrected Statement of Financial Affairs.

initial disclosures in connection with the instant case that estimated her damages against Defendants in excess of $300,000.  (Docket no. 26, ex. 3).

The Court has no doubt that the *Browning* elements are met here.  The evidence shows that Plaintiff King clearly asserted a position in this case contrary to the position she asserted in her bankruptcy proceeding and the bankruptcy court adopted that contrary position.

2.      *Knowledge of the Factual Basis of the Claims and Motive to Conceal*

The Court is also persuaded that Plaintiff King had knowledge of the factual basis of the claims and motive to conceal them from the bankruptcy court.  Plaintiff King denies she had knowledge of the claims, stating in her declaration that she did not realize that the EEOC charges or notices of right-to-sue constituted either contingent or unliquidated claims, or a suit or administrative proceeding.  (Docket no. 19, ex. A).  She also states that she had no plans to file a lawsuit when she received the right-to-sue notices.

Despite Plaintiff's claims, the charges of discrimination Plaintiff filed with the EEOC clearly state that she believed she was terminated from employment on account of race in violation of Title VII of the Civil Rights Act of 1964.  Thus, the undisputed evidence shows that when Plaintiff King filed the EEOC charges she believed that Defendants' actions violated federal law.  The evidence also shows that she filed her lawsuit against Defendants but still failed to inform the bankruptcy court and the trustee of the suit until long after the date for filing creditor objections had passed and until after Defendants had filed their motion to dismiss.  The evidence shows that Plaintiff King had knowledge of the factual basis of her claims.

Plaintiff also had a motive to conceal her claims against Defendants from the bankruptcy court and from her creditors since by doing so she stood to personally gain from any recovery she

8

received from the lawsuit. *See White*, 617 F.3d at 479 ("if the [] claim became a part of [the] bankruptcy estate, then the proceeds from it could go towards paying [the debtor's] creditors, rather than simply to paying [the debtor].").

*3. Bad Faith*

Next, the Court concludes that there is no triable issue remaining on the question of inadvertence or bad faith. "Though we view the record in the light most favorable to [the plaintiff], this court's 'absence of bad faith' inquiry focuses on affirmative actions taken by the debtor to notify the trustee or bankruptcy court of an omitted claim." *Kimberlin v. Dollar Gen. Corp.*, 520 Fed. Appx. 312, 315 (6th Cir. 2013) (citation omitted).

In the instant case, the evidence demonstrates that Plaintiff King took minimal steps to correct her misstatement to the bankruptcy court. The evidence shows that Plaintiff filed an amendment to Schedule C on June 20, 2013 claiming that the lawsuit was exempt from her bankruptcy estate. Plaintiff failed to identify any legal basis for the exemption. She also failed to list the estimated value of her claims in her amended Schedule C. In fact, the evidence shows that Plaintiff never informed the bankruptcy court that she believed her claims against Defendants may have value. Furthermore, it is undisputed that Plaintiff King did not file an amendment to Schedule B or to the Statement of Financial Affairs. In addition, there is no evidence to suggest that she filed a motion with the bankruptcy court in an effort to notify the court of her lawsuit.

In addition to filing an amendment to Schedule C, Plaintiff's counsel argues that she personally spoke to the bankruptcy trustee on June 17, 2013 and notified him of the pending lawsuit. Yet despite her assertion, she failed to provide any evidence that this conversation occurred. Plaintiff's counsel states in a footnote to her response brief that she first left a voicemail message

9

for the trustee, then drafted a letter to him in which she informed him of the lawsuit and stated that she wished to discuss the estate's interest in the action. Plaintiff's counsel claims that the trustee contacted her by telephone as she drafted the letter. She also claims that she mailed the letter to the trustee anyway, even though she had spoken to him about the matter. (Docket no. 19 at p 3 n.2).

Before the Court is an unsigned letter from Plaintiff's counsel to the bankruptcy trustee dated June 17, 2013. As Plaintiff's counsel contends, the letter notifies the trustee of the lawsuit and informs the trustee that Plaintiff's counsel wished to discuss the estate's interest in the lawsuit. The letter states that Plaintiff's counsel left a voicemail message with the trustee but makes no mention of the personal conversation that allegedly occurred between Plaintiff's counsel and the trustee. (Docket no. 19, ex. B).

Even if Plaintiff's counsel did discuss the lawsuit with the trustee on June 17, 2013, based on this record her efforts are not sufficient to avoid judicial estoppel. In *Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894 (6th Cir. 2004), the Sixth Circuit found an absence of bad faith based on the plaintiffs' numerous attempts to advise the bankruptcy court and the trustee of the claim that was omitted on their bankruptcy schedules. *Id.* at 898-99. The court reached this conclusion after finding that the plaintiffs had notified the trustee of the claim at the meeting of creditors, forwarded to the trustee copies of all documents regarding the claim, made repeated inquiries of the trustee whether he intended to pursue the claim, raised the claim in several motions filed with the bankruptcy court, and filed an amendment to their bankruptcy schedules. Here, the record does not show that Plaintiff made repeated affirmative efforts to inform the trustee and the bankruptcy court of her claims against Defendants.

10

The evidence shows that Plaintiff filed the instant lawsuit five days after the trustee issued his report of no distribution. She did not file her amended Schedule C listing her claims as exempt property until long after the date had passed for creditor objections and after Defendants filed their motion to dismiss. Plaintiff received her discharge from the bankruptcy on the same date her amended Schedule C was filed. Several days later the bankruptcy case was closed. One day after the bankruptcy case was closed, Plaintiff served initial disclosures in this case estimating the value of her claims against Defendants in excess of $300,000. Although she alleges that she notified the trustee of her claims in this lawsuit, there is no indication when or if the trustee received Plaintiff's letter informing him of the lawsuit, no evidence that any telephone conversation occurred between Plaintiff's counsel and the trustee, no evidence to suggest that she informed the trustee of the potential value of her claims, and no evidence to suggest that Plaintiff made any other effort to notify the trustee or the bankruptcy court of the lawsuit.

Plaintiff does not cite to evidence that would create an issue of material fact regarding an absence of bad faith. Her efforts to notify the bankruptcy court and trustee of the pending lawsuit fall far short of the efforts made in *Eubanks*. The Court should find that the doctrine of judicial estoppel bars Plaintiff King's claims against Defendants. Defendants' motion should be granted.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir.1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 7, 2014         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: February 7, 2014         s/ Lisa C. Bartlett
                                Case Manager